ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
NO. 5:10CV-45-R

FRED VOLLMERHAUSEN, *Plaintiff*

vs.   **COMPLAINT**

WEST ASSET MANAGEMENT,
INC.   *Defendant*

\* \* \* \* \* \* \*

NOW COMES Plaintiff, FRED VOLLMERHAUSEN, by and through his attorneys, KROHN & MOSS, LTD., and alleges the following against WEST ASSET MANAGEMENT, INC.:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

## PARTIES

1. Plaintiff, FRED VOLLMERHAUSEN ("Plaintiff") is an individual who was at all times relevant hereto residing in the State of Kentucky, County of Christian.

2. Plaintiff is a consumer as that term is defined by 15 *U.S.C. § 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term in defined by 15 *U.S.C. § 1692a(5)*.

3. Defendant is a debt collector as defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

4. Defendant is a national corporation with its headquarters in Omaha, Nebraska.

5. Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

7. Defendant conducts business in the State of Kentucky, and therefore, personal jurisdiction is established.

8. Venue is proper under *28 U.S.C. § 1391(b)(1)*.

9. Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202*.

## FACTUAL ALLEGATIONS

8. Beginning in November of 2009, Defendant constantly and continuously placed collection calls to Plaintiff multiple times on an almost daily basis seeking and demanding payment for an alleged debt owed to American Student Assistance.

9. Defendant's representative, Freddie Brooks, contacted Plaintiff's spouse about the alleged debt and was rude and abusive towards her when she did not provide the information he demanded.

10. Defendant has repeatedly contacted Plaintiff at his place of employment though Plaintiff has advised Defendant that is not convenient for him to speak.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT
## (FDCPA, 15 U.S.C. § 1692 *et seq*.

12. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

13. Defendant violated the FDCPA based on the following:

  a. Defendant violated *§1692c(a)(1)* by communicating with Plaintiff at times and places known to be inconvenient to the Plaintiff;
  b. Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at his place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications;
  c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.
  d. Defendant violated *§1692d(2)* of the FDCPA by engaging in conduct the natural consequence of which was to abuse Plaintiff.
  e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

  a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;
  b. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k;*
  c. Actual damages;
  d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*; and
  e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, FRED VOLLMERHAUSEN, hereby demands trial by jury in this action.

Respectfully Submitted,

**KROHN & MOSS, LTD**
120 W. Madison Street, 10th Floor
Chicago, IL  60602
Telephone; (312) 578-9428
Facsimile: (866) 289-0898

BY:    /s/Lee Cassie Yates_____

*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, FRED VOLLMERHAUSEN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, FRED VOLLMERHAUSEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE:______________________ ________________________________________

FRED VOLLMERHAUSEN